

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS

ATTORNEY GENERAL

Honorable A. T. Pribble
County Attorney
Mills County
Goldthwaite, Texas

Dear Sir:

Opinion No. O-6461
Re: Whether the county is
liable to officers of the
county court for costs in
proceedings under H.B.630
and S.B. 44, 48th Legisla-
ture of Texas and related
matters.

     Your request for an opinion has been received and carefully considered by this department. We quote from your request as follows:

     "I am writing in regard to the does the New Texas Juvinile Court Act. Senate Bill (44) As Enacted by the Forty Eighth Legislature and approved by the Governor May 3rd. 1943

     Also

House bill 630 which provides for parental support of children who have been adjudged dependent and neglected of which went into effect on July 1st. 1943 where there is no perents of the said children are to poor to pay the regular costs of court after they have been adjudged to be inmates of the Training school at Gatesville Texas. and under the above law How then can the County Attorney
               Sheriff
               County Clerk
               County Judge
make a charge against the County for their regular misdemeanor fees like cases and approved by the Commissioners court under what law is chargeable under and can legally collect the same that way your legal opinion is wanted. . . "

MUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Honorable A. T. Pribble, page 2


Mills County, Texas, has a population of less than twenty thousand (20,000) inhabitants according to the 1940 Federal Census, and its county officers are compensated on a fee basis.

Said Senate Bill 44, among other things, changes the classification of a juvenile proceeding from that of a criminal nature to that of a civil case.

We have carefully examined Senate Bill 44 and House Bill 630 of the 48th Legislature of Texas and find that neither of them authorize the county to pay any fees to any officers for their services in juvenile cases.

Article 5124, Vernon's Annotated Texas Civil Statutes, authorizes the county from which a male child is committed to any State training school to pay to the officer conveying such male child to any State training school the actual traveling expenses of such officer and child and five dollars ($5.00) additional.

Article 5136, Vernon's Annotated Texas Civil Statutes, authorizes the county from which a girl juvenile is committed to the Girls' Training School to pay "the actual and necessary expenses of the party conveying and the girl conveyed. This statute further provides the court shall designate some reputable woman to convey the girl to the institution.

Opinion No. 0-5602 of this department, a copy of which is enclosed herewith, specifically passes on a portion of your request for opinion and specifically holds that S. B. 44, supra, does not authorize the county to pay any fees to any officers of the county court for their services in juvenile cases. We confirm the holding.

Likewise, it is our further opinion that H. B. 630, supra, does not authorize the county to pay any fees to officers of the county court for their services in juvenile cases.

Honorable A. T. Pribble, page 3

We therefore hold:

1. Neither S. B. 44 nor H. B. 630, supra, authorizes the county to pay any fees to any officers of the county court for their services in juvenile cases.

2. There is no authority under which county judges, county attorneys and county clerks can collect fees from the county in juvenile cases. (Formerly and prior to the enactment of S. B. 44, supra, county judges were entitled to collect a three ($3.00) dollar trial fee in juvenile cases under Article 1052, V. A. C. C. P., as a <u>criminal case</u> tried and finally disposed of by the court. See opinion No. O-917 of this department, dated June 14th, 1939, a copy of which is enclosed. However, this opinion is now no longer applicable as the Legislature in S. B. 44, supra, in 1943, changed the classification of juvenile cases from criminal cases to <u>civil cases</u>.)

3. The sheriff or other officer conveying a male child to any State training school is entitled to collect from the committing county the actual traveling expenses of such officer and child and five dollars ($5.00) additional.

4. Actual and necessary expenses of the party conveying a girl committed to the Girls' Training School and of the girl conveyed should be paid by the county from which the girl is committed to the person conveying the girl. Art. 5136, supra, further provides that the court shall designate some reputable woman to convey the girl to the institution.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By _____
Wm. J. Fanning
Assistant

APPROVED
MAR 20 1945
_____
ATTORNEY GENERAL OF TEXAS

APPROVED
OPINION
COMMITTEE

WJF:zd
Encl.